UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELMER O' CONNELL, )
      Petitioner, ) NO. CV-08-123-CI
) 
v. ) **ORDER DENYING**
) **MOTION FOR RECONSIDERATION**
MAGGIE MILLER-STOUT, )
      Respondent. )
_____)

    The court will not reconsider its June 4, 2012"Order Denying Fed. R. Civ. P. 60(b) Motion" (ECF No. 42).  The court did not clearly err in denying the Rule 60(b) motion, nor did it clearly err in adopting Magistrate Judge Imbrogno's Report And Recommendation and dismissing with prejudice the Petitioner's 28 U.S.C. §2254 habeas corpus petition.  There have not been any changes in the controlling law, nor has the court been presented with any new facts, calling into question the Magistrate Judge's Report And Recommendation and this court's adoption of the same.[1]  Petitioner's Rule 60(b) motion raises no new factual or legal arguments and therefore, denial of the motion is appropriate. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

    The undersigned reviewed Magistrate Judge Imbrogno's Report And

---

[1] A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

**ORDER DENYING**
**MOTION FOR RECONSIDERATION- 1**

Recommendation prior to adopting the same, and reviewed it again prior to denying Petitioner's Rule 60(b) motion. It is not necessary for the undersigned to repeat the Magistrate Judge's analysis since he continues to fully concur with the same. The denial of Petitioner's habeas claims was essentially affirmed by the Ninth Circuit through its denial of a certificate of appealability indicating the Petitioner did not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Furthermore, because Petitioner's Rule 60(b) motion attacks this court's previous resolution of his habeas claims on the merits, it is effectively a second or successive habeas corpus petition and is subject to automatic dismissal pursuant to 28 U.S.C. §2244(b)(1). And, even if the motion does present a new claim, Petitioner would be required to show his new claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. 28 U.S.C. §2244(b)(2). This showing would have to be made to the Ninth Circuit Court of Appeals which would have to authorize the district court to consider Petitioner's second or successive habeas corpus petition. 28 U.S.C. §2244(b)(3).

Petitioner's Motion For Reconsideration (ECF No. 45) is **DENIED**. The court will not issue a certificate of appealability with regard to its denial of Petitioner's Rule 60(b) motion, nor will the court entertain any further motions for reconsideration.

///
///
///
///
///

**ORDER DENYING**
**MOTION FOR RECONSIDERATION-  2**

1     **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 this order and to provide a copy to Plaintiff, to Respondent's counsel, and to
3 Magistrate Judge Imbrogno.

4     **DATED** this ___9th___ day of July, 2012.

                              *s/Lonny R. Suko*
                        _____
                              LONNY R. SUKO
                         United States District Judge

**ORDER DENYING**
**MOTION FOR RECONSIDERATION- 3**